UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0108-JMS-MJD-1 |
| | ) | |
| JAH-ELI ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 16, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on September 1, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 1, 2016, defendant Jah-Eli Robertson appeared in person with his appointed counsel, Michael Donahoe. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Robertson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Robertson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Robertson and his counsel, who informed the court they had reviewed the Petition and that Mr. Robertson understood the violations alleged. Mr. Robertson waived further reading of the Petition.

3. The court advised Mr. Robertson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Robertson was advised of the rights he would have at a preliminary hearing. Mr. Robertson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Robertson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Robertson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Robertson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Robertson, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

On April 14, 2016, the offender tested positive for amphetamine. He denied using the substance when confronted with the positive test. The sample was confirmed by Alere Laboratory as positive for methamphetamine. On July 1, and 13, 2016, the offender tested positive for marijuana. He admitted using marijuana prior to submitting his urine sample. On August 3, 2016, the offender tested positive for amphetamine. He denied using the substance when confronted with the positive test. The sample was confirmed by Alere Laboratory as positive for methamphetamine.

7. The court placed Mr. Robertson under oath and directly inquired of Mr. Robertson whether he admitted violation 1 of his supervised release set forth above. Mr. Robertson admitted the violation as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Mitchell's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of Mr. Robertson's supervised release, therefore, is 6 -12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended to the court a modification to Mr. Robertson's conditions of supervised release to include residing at a Residential Reentry Center for a period of up to 180 days.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, JAH-ELI ROBERTSON, violated the above-specified condition in the Petition and that his

supervised release should be and therefore is **MODIFIED** and that, in addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance

with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    **Justification: These conditions are recommended to assist the probation officer in supervising the offender and ensure the safety of the community. Due to the nature of the instant offense the aforementioned conditions are prudent.**

14. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provide, location, modality, duration, intensity, etc.).

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g. synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    **Justification: The offender has a history of a drug use, and drug possession. This condition will assist the probation officer in monitoring compliance.**

21. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

**Justification: The offender has a history of a drug use, and drug possession. This condition will assist the probation officer in monitoring compliance.**

Mr. Robertson reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of conditions 1 through 20 of supervised release. Condition and justification for condition 21 were read on the record.

Defendant Mitchell will be allowed to self-surrender with regard to condition number 21 upon designation.

Counsel for the parties and Mr. Robertson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Robertson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Robertson's supervised release to include residing at the

Residential Reentry Center for a period of up to 180 days with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Robertson is to self-surrender upon designation. Mr. Robertson is released and is to follow the terms of supervised release pending designation.

IT IS SO RECOMMENDED.

Date: 9/19/16

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal